UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT L. GOULD

                Plaintiff,

v.                                           Case No. 20-cv-1250-pp

WISCONSIN RESOURCE CENTER,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

Plaintiff Robert L. Gould, an inmate at the Racine Correctional Institution who is representing himself, filed a complaint alleging that the defendant violated his civil rights under 42 U.S.C. §1983 because he was repeatedly sexually assaulted while there. Dkt. No. 1. This order resolves the plaintiff's motion to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint, dkt. no. 1.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Generally, once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over

1

time, through deductions from his prisoner account. Id.

On August 17, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $1.75 by September 7, 2020. Dkt. No. 5. The court received that fee on August 31, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Allegations in the Complaint

The plaintiff states that while he was housed at the Wisconsin Resource Center, he "was repeatedly sexually assaulted by his cellmate, Marties Tate." Dkt. No. 1 at 2. The plaintiff asserts that on several occasions he attempted to report the assaults "to staff without success." Id. The plaintiff says that because he felt unsafe in his cell, the plaintiff manufactured a weapon "with no

3

intent to use it except in the event of further assault." Id. The plaintiff says that he was placed in restrictive housing for an unrelated matter, where "staff" found the weapon. Id. The plaintiff says that he told "staff" why he had the weapon. Id. He alleges that "staff notified a supervisor" of his complaint. Id. The unnamed supervisor then notified the Prison Rape Elimination Act (PREA) Committee, which assigned an investigator. Id. The plaintiff says that he verbally requested "a SANE [Sexual Assault Nurse Examiner] examination and medical attention." Id. He alleges that he never received medical care. Id. The plaintiff says that "[a]fter the weapon was found and the initial investigation was completed," he was transferred to a different facility. Id.

The plaintiff seeks either monetary compensation of $10 million for mental and emotional hardship and suffering or "early termination of revocation of community supervision and release from incarceration back to community custody." Id. at 3.

C. Analysis

The plaintiff names only the Wisconsin Resource Center as a defendant. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Wisconsin Resource Center is not a person, nor is it a separate legal entity that can be sued under §1983. See Louis v. Milwaukee Cty. Jail, No. 17-cv-113-wed-pp, 2017 WL 3037567 at *2 (E.D. Wis. July, 18 2017) (citing Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 N.D. Ill. 1993)). The court must dismiss the Wisconsin Resource Center

4

as a defendant.

While the caption of the complaint does not name any individual defendants, however, the body of the complaint suggests that there may be individual actors who allegedly violated his constitutional rights. The plaintiff states that he repeatedly tried to report the sexual assault to "staff" without success; he may be seeking to sue those individual staff members. He says that he requested an examination by a SANE and medical care; he may be trying to sue the people who failed to provide the exam and the medical care. The court will give the plaintiff the opportunity to amend his complaint to name the individual staff members whom he believes violated his constitutional rights.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights. If the plaintiff does not know the name of the defendant who allegedly violated his rights, he may identify them as "John Doe" or "Jane Doe" with descriptive details—for example, "John Doe security sergeant on second shift in May 2020," or "Jane Doe

5

white, female nurse with brown hair and glasses." If the court allows the plaintiff to proceed on the amended complaint, the plaintiff will have an opportunity to conduct discovery to determine the Doe defendants' identity.

The court is enclosing a copy of its complaint form and instructions. The plaintiff must write the word "Amended" at the top of the first page of the form, before the word "Complaint." He must list the case number for this case—20-cv-1250—on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to two additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court back to his original complaint, rather than repeating in the amended complaint any of the facts from the original complaint that are necessary to his claims.

Finally, the court notes that the plaintiff has asked for alternative relief—either monetary damages or release from incarceration. If the plaintiff believes that he is being held illegally and he is seeking release from custody, the court cannot grant that relief in a §1983 lawsuit. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the

6

relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a write of *habeas corpus*." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendant Wisconsin Resource Center.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **December 4, 2020**. If the court receives the amended complaint by that deadline, the court will screen it as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by the deadline, the court will dismiss the case based on the plaintiff's failure to state a claim and will issue the plaintiff a strike as required by 28 U.S.C. §1915(g). If the plaintiff reads this order and decides he does not want to proceed with the case, he can avoid incurring a strike by filing a motion to voluntarily dismiss the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$348.25** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an

7

amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

8

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide titled "Answers to Prisoner Litigants' Common Questions," which contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 16th day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**