UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LEE GOULD,

                         Plaintiff,

v.                                                           Case No. 20-cv-1250-pp

ERIC DOE, sued as
"Eric surname unknown," *et al.*,

                         Defendants.

## ORDER SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A

      Robert Lee Gould, who is incarcerated at the Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal law. On November 16, 2020, the court issued an order screening the original complaint and ordering the plaintiff to file an amended complaint in time for the court to receive it by December 4, 2020. Dkt. No. 7. The court did not receive the complaint by that date, so it dismissed the case. Dkt. No. 8. Shortly thereafter the court received an amended complaint, which apparently took much longer to reach the court than the plaintiff had anticipated. Dkt. No. 10. The court vacated the order dismissing the case and reopened it. Dkt. No. 11. This order screens the plaintiff's amended complaint.

**I.     Screening the Amended Complaint**

     A.     <u>Federal Screening Standard</u>

      Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by

plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff states that while he was housed at the Wisconsin Resource Center, he "was repeatedly sexually assaulted by his cellmate, Marties Tate" over a period of about two weeks in August and September 2019. Dkt. No. 10 at 2. The plaintiff asserts that on several occasions he attempted, without success, to report the assaults to a unit staff member named Eric (surname unknown). Id. The plaintiff says that because he felt unsafe in his cell, he manufactured a weapon "with no intent to use it unless he was further assaulted." Id. at 2-3. According to the plaintiff, a few days later, staff placed him in restrictive housing for an unrelated matter. Id. at 3. When he arrived in restrictive housing, the plaintiff again tried to report the sexual assaults. Id. The plaintiff states that defendant John Doe, a unit staff member, contacted defendant John Doe, a supervisor, who referred the report to the PREA (Prison Rape Elimination Act) committee. Id. The plaintiff alleges that defendant Jane Doe, a PREA investigator, interviewed the plaintiff on etime. Id. During the interview, the plaintiff allegedly requested medical attention and a "SANE (sexual assault nurse examiner) exam," but he did not receive either. Id. The plaintiff alleges that on September 10, 2019, he received notification that he would be transferred to another institution the next day. Id. at 3-4. He says

3

that he transferred to another institution before completion of the PREA investigation. Id.

The plaintiff seeks $1 million monetary compensation for mental and emotional hardship and suffering. Id. at 5.

C. Analysis

The amended complaint names five defendants—Eric, Jane Doe PREA investigator, John Doe supervisor, Marties Tate and John Doe unit staff member. Marties Tate did not work for the prison—he was the plaintiff's cell mate. "To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Neither the Constitution nor other federal law allows one private citizen to sue another for personal injuries such as sexual assault; these causes of action arise under state law. Because he was a private citizen, and not a "state actor," the plaintiff's former cellmate, Marties Tate, cannot be sued under §1983. The plaintiff has not alleged that Tate acted under color of law when he sexually assaulted the plaintiff. The plaintiff's only avenue of relief against Tate is in state court. See Pasiewicz v. Lake Cty. Forest Preserve Dist., 270 F.3d 520, 526 (7th Cir. 2001) ("The federal government is not the enforcer of state law").

The Eighth Amendment to the Constitution requires prison officials to take "reasonable measures to guarantee the safety of the inmates." Balsewicz v. Pawlyk, 963 F.3d 650, 654 (7th Cir. 2020) (quoting Farmer v. Brennan, 511

4

U.S. 825, 832 (1994). "This means that a constitutional violation inheres in a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate." Id. (citing Farmer, 511 U.S. at 828). Deliberate indifference has an objective component and a subjective component. Id. To satisfy the objective component, the prisoner must have been exposed to a harm that was objectively serious. Id. (citing Farmer, 511 U.S. at 834). Under the subjective component, the prison official must have known of and disregarded an excessive risk to the inmate's health or safety. Id. (citing Farmer, 511 U.S. at 837-38). That is, the official must have been "aware of facts from which the inference could be draft that a substantial risk of serious harm exists," and he must have "draw[n] th[at] inference." Id. (quoting Farmer, 511 U.S. at 837. But liability does not attach if the prison official takes reasonable measures to abate the known risk. Id. (citing Farmer, 511 U.S. at 844.

The plaintiff has not stated an Eighth Amendment claim against defendants John Doe staff member, John Doe supervisor or Jane Doe PREA investigator. The plaintiff alleges that *after* he was transferred to a different unit, he reported the sexual assaults to John Doe staff member, who informed John Doe Supervisor, who referred the report for a PREA investigation. The plaintiff does not like how the PREA investigation proceeded, and he did not receive medical attention or the SANE review he requested. Instead, he was transferred to another institution before completion of the PREA investigation. But the plaintiff has not alleged that he suffered any physical injury or that he had a condition for which he needed medical care. He does not state a

constitutional claim based on the failure to receive medical attention after his PREA interview.

It is true that prison officials have a duty under the Constitution to protect prisoners from assault. Farmer v. Brennan, 511 U.S. 825 (1994). However, the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened. Whitlock v. Brueggemann, 682 F.3d 567, 588-89 (7th Cir. 2012); Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). "Further, PREA does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements." Summers v. Waggoner, No. 3:19-CV-01338-SMY, 2020 WL 6321488, at *3 (S.D. Ill. Oct. 28, 2020) (quoting Watson v. Dodd, No. 16-CV-1217-NJR, 2017 WL 120951, at *6 (S.D. Ill. Jan. 12, 2017)); see also Garness v. Wis. Dep't of Corr., No. 15-cv-787-BBC, 2016 WL 426611, at *2 (W.D. Wis. Feb. 3, 2016) (citing Ross v. Gossett, No. 15-CV-309-SMY-PMF, 2016 WL 335991, at *4 (S.D. Ill. Jan. 28, 2016)). See also J.K.J. v. Polk Cty., No. 15-cv-428-WMC, 2017 WL 28093, at *12 (W.D. Wis. Jan. 3, 2017) ("[T]here is no private right of action under the PREA."). The plaintiff's allegations that his PREA complaint was mishandled do not state a claim and the court will dismiss them.

On the other hand, the plaintiff has stated sufficient facts to allow him to proceed against defendant Eric Doe based on his allegations that he tried to report his cellmate's sexual assault to Eric Doe several times. The plaintiff does not say why he could not report the sexual assaults to Eric Doe. At this stage, the court presumes that Eric Doe had some responsibility for the plaintiff's

6

inability to report the sexual assaults and that he could have done something to prevent the sexual assaults. The court will allow the plaintiff to proceed on an Eighth Amendment claim against defendant Eric Doe.

Because the plaintiff does not know Eric Doe's last name, the court will add Sue DeHaan, the director of the Wisconsin Resource Center, as a defendant for the limited purpose of helping the plaintiff identify the full name of defendant Eric Doe. See Donald v. Cook Cty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). The court will electronically transmit of the copy of the amended complaint and this order to the Wisconsin Department of Justice for service on Director Sue DeHaan. Director DeHaan is not required to respond to the amended complaint. After Director DeHaan's lawyer files an appearance in this case, the plaintiff may serve discovery upon Director DeHaan (by mailing it to her attorney at the address in the attorney's notice of appearance) to get information that will help him identify the full name of Eric Doe.

For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Director DeHaan, the plaintiff's discovery requests must be limited to information or documents that will help him learn the real name of Eric Doe, the defendant against whom the court is allowing him to proceed. The plaintiff may not ask Director DeHaan about any other topic, and Director DeHaan is under no obligation to respond to requests about any other topic.

After the plaintiff learns the full name of Eric Doe, he must file a motion to substitute that name for the Doe placeholder. Once he does so, the court will dismiss Director DeHaan as a defendant. After the defendant has an opportunity to respond to the plaintiff's amended complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the full name of Eric Doe within sixty days of Director DeHaan's attorney appearing. If he does not or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

## II. Conclusion

The court **DISMISSES** defendants Jane Doe PREA Investigator, John Doe Supervisor, Marties Tate and John Doe Unit Staff.

The court **DIRECTS** the Clerk of Court to add Director Sue DeHaan as a defendant for the purpose of helping to identify the full name of defendant Eric Doe.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the amended complaint, dkt. no. 10, and this order to the Wisconsin Department of Justice for service on Sue DeHaan, Director of the Wisconsin Resource Center.

The court **ORDERS** that Director DeHaan is not required to respond to the plaintiff's amended complaint; however, she must respond to the plaintiff's discovery requests as described in this order.

The court **ORDERS** the plaintiff to notify the court of the full name of defendant Eric Doe within sixty days of Director DeHaan's attorney appearing in this case. If he does not, or does not explain to the court why he is unable to identify Eric's full name, the court may dismiss his case based on his failure to diligently pursue it. Civil Local Rule 41(c) (E.D. Wis.).

The court **ORDERS** that plaintiffs who are in custody at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are in custody at all other prison facilities must send the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 20th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**